IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM CHARLES GRAHAM, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   Case No. 3:25-cv-160-DWD |
| | ) |
| T. LILLARD, Warden, FCI Greenville, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Accord Mayle v. Felix*, 545 U.S. 644, 663 (2005). Rule 1(b) states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, the Rules may be applied in the context of § 2241. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)). For the reasons provided herein, the Petition does not survive a preliminary review under Rule 4. Accordingly, the Petition is **DISMISSED with prejudice**.

On July 16, 2019, Petitioner was indicted in the District of Minnesota for interference with commerce by robbery and using, carrying, and brandishing a firearm during and in relation to a crime of violence. *U.S. v. Graham*, No. 19-cr-185, Doc. 1 (D. Minn. July 16, 2019). Petitioner was found guilty of those charges in September 2020 after a bench trial. *Id.* at Docs. 258 & 259. On June 24, 2021, he was sentenced to a total of 294 months of imprisonment. *Id.* at Doc. 489. Petitioner appealed that judgment; however, the appeal was dismissed by the Eighth Circuit due to his failure to prosecute. *Id.* at Docs. 601 & 602. Around this same time, Petitioner sought to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Id.* at Docs. 597 & 604. The District Court of Minnesota denied the relief requested by Petitioner under § 2255 on July 13, 2022. *Id.* at Docs. 677 & 678. Petitioner appealed, and the Eighth Circuit affirmed, the judgment. *Id.* at Docs. 679 & 690. Thereafter, the Eighth Circuit denied multiple requests by Petitioner to authorize a second or successive application for relief under § 2255. *Id.* at Docs. 735, 751, 778, 815.

Petitioner is a prolific filer of frivolous petitions, which has resulted in sanctions and his status as a restricted filer. He has filed numerous cases in this District and others. *Graham v. Lillard*, No. 3:25-cv-690-DWD (S.D. Ill. Apr. 28, 2025) (listing 12 previously filed identical petitions in this District, noting that those that have been adjudicated have resulted in dismissal under *Jones v. Hendrix*, 599 U.S. 465 (2023)); *Graham v. Lillard*, No. 3:24-cv-2071-DWD (S.D. Ill. Oct. 7, 2024) (listing every habeas case filed by Petitioner in district courts in Minnesota and Kentucky in footnotes 3 and 4). Many of these cases resulted in monetary sanctions against Petitioner. Most recently, in an order dismissing two identical petitions, the Court issued the following sanction against Petitioner: "Any

further habeas corpus petitions filed by Graham will be deemed rejected 30 days after their filing unless the Court orders otherwise." *Graham v. Lillard*, No. 3:25-cv-158-NJR, at Doc. 5, No. 3:25-cv-559-NJR, at Doc. 4 (S.D. Ill. July 14, 2025).

Here, the Court need only to review Petitioner's previously filed cases to determine that it plainly appears from the Petition in this case that Petitioner is not entitled to relief. The Petition raises issues that are identical or similar to those raised in previous cases, including, but not limited to, Case Nos. 3:25-cv-690-DWD, 3:25-cv-158-NJR, 3:25-cv-559-NJR, 3:24-cv-1540-DWD, 3:24-cv-2055-NJR, 3:24-cv-2071-DWD, 3:24-cv-2626-JPG, 3:25-cv-198-SMY, and 3:25-cv-696-JPG. In short, the issues presented have already been summarily rejected as frivolous and barred by *Jones* by the undersigned and other members of this Court. As a result, the Court will not continue to waste its valuable time and resources on issues that Petitioner now knows are frivolous.

For these reasons, the Petition is **DISMISSED with prejudice**.

If Petitioner wishes to appeal, he must do so within sixty days of the Judgment. *See* Fed. R. App. P. 4(a)(1)(B)(iii). Further, any motion for leave to appeal *in forma pauperis* must comply with Federal Rule of Appellate Procedure 24(a)(1). If Petitioner appeals and is granted leave to proceed *in forma pauperis*, he must pay at least a portion of the appellate filing fee to pursue the appeal (the amount to be determined based on Petitioner's prison trust fund account records for the past six months), irrespective of the outcome of that appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(a)(2), (e)(2). Petitioner need not obtain a certificate of appealability. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). The Clerk of the Court is **DIRECTED** to enter judgment accordingly and to close the case.

**SO ORDERED.**

Dated: August 8, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge
